## Mitchell v. Christie

*A. A. Christie*, for defendant.

SLOANE, J., June 18, 1941.—This proceeding came before this court with the issuance of a certiorari through petitioner-defendant, Ada A. Christie. The certiorari from our court to the magistrate of Court No. 7 concerns an action against petitioner-defendant by plaintiff, Eva Mosley Mitchell.

In reply to the writ, a "transcript from the docket" of the magistrate was filed. From this transcript it appears that a summons was issued on April 15, 1941, returnable April 22, 1941, served personally on defendant on April 17, 1941, by a deputy constable. It also shows that a hearing was held on April 22, 1941, that defendant did not appear, but plaintiff was sworn and testified; then, "claim withdrawn for insufficient notice."

The transcript was signed by the magistrate, but it is not clear that he certified the transcript to be correct since a red line drawn through the blank portion of the transcript also cuts across part of the printed certification.

After the return of the transcript defendant filed a petition suggesting diminution of the record. Therewith, a rule was issued on the magistrate to show cause why a

true and complete return should not be made. In the petition it is alleged that the magistrate failed: (*a*) To make a legal return to the writ of certiorari of all things touching the same; (*b*) to state in the transcript the subject matter or cause of action in the suit; (*c*) to include in the record the "judgment by default in favor of plaintiff" as rendered by the magistrate at the hearing of April 22, 1941; (*d*) to attach to the transcript the original papers filed in the magistrate's court; and (*e*) to attach the retraxit or withdrawal stated to have been filed by plaintiff.

The magistrate in his answer to the above petition repeated the facts contained in his original transcript and attached the original præcipe and summons, which it is averred "*complete the entire record*". Therefore, he prays that the petition be dismissed.

Under the Act of March 20, 1810, P. L. 208, 42 PS §957, upon the issuance of a writ of certiorari to a magistrate, it becomes his "duty . . . to certify the whole proceeding had before him, by sending the original precepts, a copy of the judgment and execution or executions, if any be issued: . . ." The original precepts have been brought into court, attached to the answer. Thus the nature of the suit is shown. But the magistrate has not denied in his answer to the petition that a judgment by default was entered by him in plaintiff's favor. Nor is the language of the certification (if we assume an intention to certify on the ground that the red line was drawn through the certification accidentally) sufficient to constitute a legal return to a certiorari: Mihevc v. Kovelski, 11 D. & C. 608 (1928). It was there held that "the language of the 'certificate' is not that of a 'return' to the certiorari, the exact form of which, although not given in the statute, means, at least, such language as expressed the compliance by the officer or person to whom directed with the mandate of the writ directed to him and under the statute cited the essentials of compliance". The command of the writ is to certify the complete record "with

all things touching the same". The return must show full compliance.

The jurisdictional questions raised by petitioner-defendant must be put aside until the record before us has been completed and an appealable order adverse to petitioner-defendant appears thereon.

Therefore, a rule is granted on Charles Medway, Magistrate of Court No. 7, to file with this court within 10 days hereof a complete and legal return of the writ of certiorari directed to him in the above case.